UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE CASTRO, :

Plaintiff, :

-against- : **REPORT AND RECOMMENDATION**

COVENANT AVIATION SECURITY, LLC, : 12 Civ. 3037 (PAC) (KNF)

Defendant. :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

***Background***

Jose Castro commenced this action alleging employment discrimination, based on race, national origin and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. On July 27, 2012, the defendant filed a motion to strike the complaint, "[p]ursuant to Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b), and 12(f)," and to direct the "plaintiff to file an amended complaint in compliance with the Federal Rules of Civil Procedure." In response to the defendant's motion, Castro filed an amended complaint. Before the Court is the defendant's motion to strike the original complaint and amended complaint, "[p]ursuant to Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b), and 12(f)." The plaintiff opposes the motion.

"A party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Where a party is without the time period allotted for amending a pleading as a matter of course, "a party may amend its

pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

> Rule 15(a) requires that the consent be written. The rule does not state that the agreement must take a particular form and presumably any writing clearly indicating that consent has been given should suffice. . . . Moreover, consent may be implied from an act of the party indicating an acquiescence in the amendment, especially if that act is evidenced by a writing. . . . [T]he court may decide that an amended complaint has been consented to if defendant interposes a motion to dismiss based on both the original and the amended complaint.
>
> 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY LANE, FEDERAL PRACTICE AND PROCEDURE §1490 (3d ed. 2010).

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977).

Here, the defendant served and filed its motion to strike the complaint, on July 27, 2012, seeking an order directing Castro to file an amended complaint. Castro had 21 days from July 27, 2012, until August 17, 2012, to file the amended complaint as a matter of course. However, he filed his amended complaint on August 20, 2012, outside the time period allotted for him to file it as a matter of course. Castro neither sought nor obtained leave from the Court to file the amended complaint. The defendant then filed its motion to strike the amended complaint. Thus, by: (a) not objecting to the untimely filing of the amended complaint; and (b) filing a motion to strike the amended complaint, the defendant consented, in writing, to the filing of the amended complaint. Given that the defendant consented in writing to the filing of the amended complaint, the amended complaint is the governing pleading in this action. Consequently, the part of the defendant's motion to strike the original complaint is moot. Therefore, the Court will consider the portion of the defendants' motion seeking to strike the amended complaint.

***Amended Complaint***

In the amended complaint, the plaintiff alleges that he is 45 years old and "Latino." He asserts that the defendant violated his seniority rights under the collective bargaining agreement and discriminated against him based on his age when it denied him work and "gave more work and hours to other employee[s] with less seniority and younger." Moreover, the defendant withheld "vacation, holiday, hours and other monetary money which was illegal and should have been paid to the Plaintiff." According to the plaintiff, the defendant admitted "the violation of unfair labor practice, retaliation against the Plaintiff by offering to pay the Plaintiff $2,000 dollars."

The plaintiff asserts that the defendant discriminated against him, based on race, when it left him and another coworker "who is Latino . . . out in the freezing 5 degree[s]" on the airport runaway, while "providing a vehicle to two black African[s]." The plaintiff reported this misconduct, but the defendant's Assistance Project manager, Roberto Scantabury ("Scantabury") attempted to terminate his employment when he "tried to accumulate old lateness or absents [sic] going back 2 to three months to increase my infraction level to 4 which means termination. I reported it to the Human resource department and it was corrected." Moreover, Scantabury "wrote [the plaintiff] up for [absences]" when the plaintiff had medical appointments for which he presented evidence. Scantabury asked the plaintiff to sign a disciplinary form on which he falsified "a date which did not exist," but the plaintiff "immediately took it to the Human Resources and it was investigated and it was removed and corrected." The plaintiff asserts that the defendant created a hostile work environment by these acts, which also show "a pattern of retaliation against the plaintiff."

The plaintiff asserts that he was harassed when the manager denied him the use of a

vehicle to drive to the nearest restroom, even though other workers are allowed to use the vehicle to drive to the nearest restroom. Instead, the plaintiff "was sent to a paddy box which had no paper and was filt[h]y." The defendant treated the plaintiff less humanly than other employees and intimidated and humiliated him in front of others. The plaintiff asserts that, because he was not able to use his eye medication in the restroom which was dirty and full of garbage, his eye became irritated and swollen, resulting in eye surgery the following day. Moreover, Scantabury and "Supervisor Martinez" prevented the plaintiff from using his prescribed glasses, which were issued to protect his eyes while he works outdoors "in the blazing sun," which "shows a pattern of retaliation and continuation of harassment and making it a hostile working environment."

The plaintiff asserts that the defendant discriminated against him when it assigned him to work "on the icing frozen roof temperature of 7 degree[]s wind factor," while others were allowed to rotate to keep from freezing. As a result, the plaintiff was treated in the emergency room. The plaintiff alleges that his vehicle was set on fire intentionally, while he was at work. Moreover, the defendant allowed an "illegal picture to be taken of me by another" employee and failed to investigate the incident properly so it can "cover up and protect Cornel Jessica who is a BLACK individual."

***Defendant's Contentions***

The defendant contends that "nearly all of the allegations [in the amended complaint] are irrelevant and immaterial to claims of discrimination based on any protected classification." It asserts that the amended complaint "contains minimal allegations relevant to claims based on age and national origin," and no allegations "that the remaining 'claims' are based on any protected classification or activity." According to the defendant, paragraph No. 1 alleges that the defendant "violated the plaintiff's seniority rights under a collective bargaining agreement and gave more

work to younger employees," which is followed by the allegations that the defendant "[withheld] vacation, holiday, hours and other monetary money which was illegal and should have been paid to the Plaintiff," without an allegation that this conduct was the result of discrimination, based on the plaintiff's protected status.

The defendant contends that the amended complaint refers, improperly, to the settlement of a union arbitration, because "Federal Rule of Evidence 408 prohibits use of any offer to compromise a claim to prove or disprove the validity or the amount of a disputed claim." According to the defendant, "[w]ith the exception of paragraph 2, none of the remaining numbered paragraphs of the Amended Complaint even allude [sic] to any form or unlawful discrimination"; rather, the amended complaint "reads like a laundry list of perceived slights and injustices allegedly suffered by plaintiff in the work place, with no nexus to any protected classification or activity."

The defendant asserts that a reference, in paragraph No. 2, to disparate treatment based on race or national origin "is insufficient to support a claim for damages." Similarly, paragraph No. 3 alleges a series of disciplinary reports which the plaintiff claims were unjustified, but "there is no claim that this was in any way based on plaintiff's age or his national origin or that plaintiff was treated differently from other similarly situated employees." Furthermore, the plaintiff's contention, in paragraph No. 3, that "'[t]his also shows a pattern of retaliation against the plaintiff' . . . does not say retaliation for what and does not allege that the purported retaliation was the result of any protected activity."

The defendant contends that paragraph No. 4 alleges that the plaintiff was denied use of a vehicle to drive to a restroom and that he was sent to a "paddy box." It maintains that, "[a]lthough this paragraph alleges that other employees were treated differently, it does not allege

those other employees were not members of a protected class."

Similarly, the defendant asserts, paragraph Nos. 5-7 contain various allegations that the plaintiff was "put in harm's way," without alleging "that any of this was in any way related to any protected classification or activity." Paragraph No. 8 alleges that the plaintiff's vehicle "was arsoned" while he was at work, but "[t]here is no allegation [the defendant] committed the arson or that it was in any way related to any protected classification or activity." The defendant contends that paragraph No. 9, alleging that another employee took a photograph of the plaintiff in a restricted area without clearance from the Port Authority of New York or New Jersey, does not allege "that the taking of the photo was discriminatory or that the alleged failure to investigate the employee who took it resulted in any harm to plaintiff." The defendant contends that it would be prejudicial to it to allow the plaintiff's "general complaints about perceived mistreatment in the workplace, with no allegation that they are in any way connected to plaintiff's protected status or activities . . . to remain in the Amended Complaint when they are unrelated to plaintiff's claims of discrimination based on age and national origin." The defendant seeks an order striking the amended complaint and directing the plaintiff to file an amended complaint "in compliance with the Federal Rules of Civil Procedure."

***Plaintiff's Contentions***

The plaintiff contends that the defendant's motion should be denied because the defendant's attorney is not authorized to practice in this court and the defendant's motion was served with "no signature."[1] He asserts that he amended his original complaint to comply with

---

[1] The defendant's attorney was admitted to this court pro hac vice, see Docket Entry No. 31, and his motion was signed electronically. The plaintiff did not submit evidence that the defendant's motion served on him was not signed.

Rules 8(a)(2), 8(d)(1) and 10(b), and all his allegations are in separate paragraphs "with a limited practicable statement of a single set of circumstances and simple short description." The plaintiff contends that he "refers names of other workers who are age younger and they were given more work and hours. Rudy Nelson who . . . is a black African employee and Toriola Olajide who is a black African employee and they are listed on the exhibits. This shows related discrimination base[d] on age and national origin." According to the plaintiff, paragraph No. 1 alleges unfair labor practices and age discrimination because he alleged that the defendant violated his "seniority rights under a collective bargaining agreement and gave more work to younger employees." The plaintiff contends that he only mentioned the settlement of a union arbitration to show the amount paid to him, not "to prove or disprove the validity of any disputed claim."

The plaintiff asserts that paragraph No. 2 alleges race and national origin discrimination because the "plaintiff and a Latino co-worker were left in the freezing 5 degree real time factor out on the airport runaway" but the defendant provided a vehicle to two "black Africans" to accommodate them to stay warm. The plaintiff asserts that Exhibit G, attached to the original complaint, shows he was harassed when the assistant manager forced him to use a "filthy" restroom, so he could not use his eye medication due to which his eye condition worsened the following day, requiring surgery. Moreover, the plaintiff contends, the defendant put him "in harm's way" when it posted him on the roof at "Kelmar CTB Garage level 5 where it was freezing 7 degree wind factor. . . . I froze and my feet and hands were frozen," and, as a consequence, he was taken to the emergency room.

***Legal Standard***

"[A] *pro se* litigant's submissions must be construed 'liberally,'" and "must be read to raise the strongest arguments that they 'suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d

471, 477 (2d Cir. 2006) (citations omitted). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1).

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b).

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, but are within the district court's sound discretion." Lamoureux v. Anazaohealth Corp., 250 F.R.D. 100, 102 (D. Conn. 2008). "The Federal Rules of Civil Procedure reflect the policy that pleadings should be treated liberally, and that a party should have the opportunity to support its contentions at trial." SEC v. Lorin, 869 F. Supp. 1117, 1120 (S.D.N.Y. 1994).

"In deciding whether to strike a [pleading pursuant to a] Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. . . . Thus, the courts should not tamper with the pleadings unless there is a strong reason for so doing. " Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1037 (C.D.Cal. 1998) (quotation marks, alteration and citations omitted).

To prevail on a motion to strike the complaint, the movant "must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." Lamoureux, 250 F.R.D. at 102-03 (citation and alteration omitted). "In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 100 (S.D.N.Y. 1985).

***Application of Legal Standard***

The plaintiff's allegations are simple, concise and direct, and the amended complaint contains a short and plain statement of the plaintiff's claims. The defendant's request to strike the reference to the settlement based on Federal Rule of Evidence 408 is rejected because the Federal Rules of Evidence do not apply to the complaint, since the Court has only the plaintiff's allegations before it, not evidence. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (the first step in a civil action is the filing of the complaint "and the court thus has only allegations and no evidence before it."). The defendant concedes that paragraph No. 1 of the amended complaint contains "some scant reference to age discrimination," but contends that the plaintiff made no allegation that the conduct at issue was the result of discrimination based on his protected status. However, contrary to the defendant's contention, the plaintiff asserts discrimination based on his age in paragraph No. 1, and he enumerates related discriminatory acts in subparagraphs of paragraph No. 1. Consequently, striking paragraph No. 1 is not warranted.

The defendant also concedes that paragraph No. 2 of the amended complaint refers to "unlawful discrimination," but contends that a "single incident of allegedly unequal working conditions with no economic consequences is insufficient to support a claim for damages." The plaintiff alleges hostile work environment and, in that context, "a single event, if 'extraordinarily

severe,' could alter the conditions of a working environment," for the purpose of Title VII liability. Mathirampuzha v. Potter, 548 F.3d 70, 79 (2d Cir. 2008). Thus, the ground proffered by the defendant for striking paragraph No. 2 is improper.

The defendant's contention that paragraph No. 3 of the amended complaint alleges a series of disciplinary reports, but fails to allege a connection to the plaintiff's age or national origin or a basis for retaliation, is rejected. The amended complaint contains two distinct sections: (1) paragraph No. 1, which involves allegations of age discrimination; and (2) paragraph Nos. 2-9, containing allegations of racial discrimination and hostile work environment. Paragraph No. 3 alleges the basis for and connection to the defendant's retaliation, namely, that the defendant retaliated against the plaintiff because the plaintiff reported Scantabury's attempt to terminate his employment. Thus, striking paragraph No. 3 is not warranted.

The defendant contends, generally, that paragraph Nos. 4-9 of the amended complaint fail to allege that the conduct of which the plaintiff complains is related to any protected classification or activity. As noted above, paragraph Nos. 2-9 allege discriminatory conduct based on the fact that the plaintiff is "Latino." More specifically, the amended complaint alleges hostile work environment. While paragraph No. 8 of the amended complaint does not allege that the defendant committed arson with respect to the plaintiff's car, the plaintiff alleges that the arson occurred while his car was parked in the defendant's secured parking area. On a Rule 12(f) motion, the plaintiff's allegations are taken as true, and an inference can be made, based on the facts in paragraph No. 8, that the defendant was involved in the arson that occurred with respect to the plaintiff's car, while it was located in the defendant's secured parking area, to intimidate the plaintiff and create a hostile work environment. Moreover, paragraph No. 9 of the amended complaint, alleging that the defendant allowed an "illegal picture" of the plaintiff to be taken by

its employee, also alleges that the defendant failed to investigate and covered up its misconduct "to protect Cornel Jessica who is [a] BLACK individual and because I am Latinos [sic] I am being Discriminated." The Court finds that the allegations in the amended complaint are not redundant, immaterial, impertinent or scandalous.

Moreover, although the defendant contends that it will be prejudiced if its motion is not granted because the claims of alleged misconduct in the amended complaint "are unrelated to plaintiff's claims of discrimination based on age and national origin," the Court finds to the contrary, that the plaintiff's allegations are related to his claims of discrimination, retaliation and hostile work environment. Thus, no prejudice will attend to the defendant based on that ground. Accordingly, striking the amended complaint pursuant to Rule 12(f) is not warranted.

***Recommendation***

For the foregoing reasons, I recommend that: (a) the defendant's motion to strike the amended complaint, Docket Entry No. 42, be denied; (b) the defendant's motion to strike, Docket Entry No. 27, be closed, as it is superseded by the defendant's motion to strike (Docket Entry No. 42); and (c) the plaintiff's "Motion to Dismiss Defendant's Strike Against Amended Complaint," Docket Entry No. 35, be closed, as it is not a motion but an opposition to the defendant's motion to strike (Docket Entry No. 27).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 40

Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
May 7, 2013

Respectfully submitted,

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Jose Castro