```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  July 22, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE CASTRO,

                Plaintiff,

        v.

COVENANT AVIATION SECURITY, LLC,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12 Civ. 3037 (PAC) (KNF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

      On April 17, 2012, Plaintiff Jose Castro ("Castro"), acting pro se, filed a Complaint against Covenant Aviation Security, LLC ("Covenant") alleging employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. The matter was referred to Magistrate Judge Kevin Nathaniel Fox on April 27, 2012. On July 27, 2012, Covenant filed a motion to strike the Complaint. In lieu of opposing the motion, Castro filed an Amended Complaint on August 20, 2012,[1] in which he dropped his claim under the Americans with Disabilities Act. Covenant filed a motion to strike Castro's Amended Complaint on September 6, 2012, and subsequently filed a motion to strike both the original Complaint and the Amended Complaint on December 21, 2012.[2] On May 7, 2013, Magistrate Judge Fox issued a Report and

---

[1] Though Castro's Amended Complaint was not amended as a matter of course, with the Court's leave or with written permission from Covenant, see Fed. R. Civ. P 15(a), Covenant impliedly consented to the filing of the Amended Complaint by moving to strike, without raising the issue of improper timing. See 6 Charles A. Wright, Arthur R. Miller, Mary Kay Lane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1490 (3d ed. 2010).

[2] Since the Amended Complaint superseded the original and "render[ed] it of no legal effect," Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), the R&R properly focused on those portions of Defendant's motions addressing the Amended Complaint rather than the original Complaint, which is now moot.

Recommendation ("R&R") that the Court deny Covenant's motions to strike the Amended Complaint; that Covenant's motions to strike the initial Complaint be closed as moot; and that Plaintiff's motion to dismiss be closed, as it is not a motion but rather Plaintiff's opposition to the motion to strike. No objections to the R&R were filed. For the reasons that follow, the Court adopts R&R in its entirety.

## BACKGROUND[3]

Castro, a 45 years old Hispanic male, alleges that Covenant gave preferential hours and work to younger employees and withheld vacation time, holiday hours, and other monetary considerations that Castro was owed. Covenant forced Castro and a Hispanic coworker to work outdoors in freezing conditions while other employees were allowed to rotate to protect them from the weather. While other employees were allowed to use a vehicle to get to the nearest restroom, Castro was denied this amenity. Instead, Castro had to use a "paddy box which had no paper and was filthy," and in which he was unable to use his prescribed eye medication, which resulted in Castro having to undergo eye surgery. (Am. Compl. at 2–3). Castro also alleges that he was denied use of his prescribed safety glasses, that his car was set on fire while he was at work, and that Covenant did not properly discipline a security guard who took an "illegal picture" of him. (Id. at 3-4.) When Castro complained, his manager retaliated by attempting to have Castro fired, writing Castro up for absences necessitated by medical appointments, and asking Castro sign a disciplinary form, all of which created a hostile work environment.

## DISCUSSION

District courts are empowered to "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). The

---

[3] All facts are taken from the R&R, unless otherwise indicated.

Court may adopt those portions of the R&R to which "no objections have been made and which are not facially erroneous." Wilds. v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003). Because Castro is proceeding pro se, the Court reads his filings and supporting papers[4] liberally, construing them to raise the strongest arguments that they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Covenant argues that the Amended Complaint's reference to the settlement of a union arbitration should be struck because it is not admissible as evidence under Fed. R. Evid. 408. At this stage, however, "the court . . . has only allegations and no evidence before it." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). While the Court need not currently take a position on the admissibility on any evidence that the parties may wish to submit at a future date, Covenant's motion to strike this information from the Amended Complaint is rejected because the Federal Rules of Evidence are inapposite at this stage of the proceedings.

More broadly, the Amended Complaint can be divided into two sections. First, Covenant concedes that paragraph 1 of the Amended Complaint includes "some scant references to age discrimination." (Def. Mot. to Strike Original Compl. & Am. Compl. at 6.) Since such allegations are relevant to Castro's claims, striking paragraph 1 is not warranted. See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Second, paragraphs 2 through 9 of the Amended Complaint address Covenant's alleged racial discrimination. These paragraphs and the inferences reasonably drawn from them are sufficient to establish that Castro is a member of a protected class and that Covenant created a hostile work environment under Title VII. Since the allegations are not "redundant, immaterial,

---

[4] On December 27, 2012, Castro filed what he styled as a "Motion to Deny Defendant's Strike." The Court treats this document as his opposition to Covenant's motions, rather than a separate motion in its own right.

impertinent or scandalous," they will not be struck. Fed. R. Civ. P. 12(f).

## CONCLUSION

Having reviewed the R&R for clear error and finding none, the Court hereby adopts Magistrate Judge Fox's R&R in full. Covenant's motions to strike are DENIED. The Clerk of Court is directed to terminate the motions at docket numbers 13, 27, 35 and 42. The reference to Magistrate Judge Fox continues for further disposition of this matter.

Dated: New York, New York
      July 22, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Jose Castro
P. O. Box 347
New York, NY 10035